STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5081
    christoffer.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-374 JD |
| Plaintiff, | UNITED STATES' REPLY SENTENCING MEMORANDUM |
| v. | |
| BHUPINDER BHANDARI, | |
| Defendant. | |

Defendant argues for one year of probation. The government and US Probation believe three years of probation are appropriate. The defendant presents mitigation information in his sentencing brief and argues that a sentence of one year of probation is necessary to avoid a sentencing disparity. The government disagrees and believes that, even crediting the mitigation information presented by Defendant, three years of probation remains a modest and appropriate sentence.

### I. CLARIFICATIONS

The Defense sentencing memorandum describes Defendant's "cooperation with the

government," ECF 79 at 4:15-16, and "his assistance to the Government in numerous investigations," *id.* at 12:4-5.  Defendant asked to give a proffer to provide information voluntarily without any expectation of benefit/promises from the government (no expectation of a government U.S.S. G. § 5K1.1 motion, post-plea diversion, modification of his plea agreement, later withdrawal of the plea agreement, etc.)  The defendant met with the government one time, at the defendant's request.  The meeting was not pursuant to a proffer agreement.  Bhandari shared information he believed would be of interest.  The government listened, but has not requested additional information from Defendant.  That said, Defendant's willingness to provide information voluntarily is commendable and consistent with his acceptance of responsibility in the case.  This helps to inform the government's recommendation of three years of probation.

     The Defense sentencing memorandum notes Defendant has spent decades serving his patients and the community and that "[d]uring this time, Dr. Bhandari has had no disciplinary actions, no curtailment of medical privileges at any hospital, no medical care issues, and no malpractice charges."  ECF 79 at 5:28-6:2.  This may have been the case for most of Defendant's career, but in late 2021, the Medical Board of California revoked Defendant's Physician and Surgeon's Certificate, but stayed revocation and placed Defendant on three years of probation, requiring him to take basic prescribing courses, a medical record keeping course, prohibiting his supervision of physician assistants and advanced practice nurses, as well as other terms and conditions.  Cal. Medical Board Case No. 800-2017-039428 Order at 53-60 (Decision issued December 16, 2021, effective January 14, 2022), *available at*: https://www2.mbc.ca.gov/BreezePDL/document.aspx?path=%5cDIDOCS%5c20211216%5cDMRAAAJD2%5c&did=AAAJD211216213504915.DID.  The bases for discipline were findings that Defendant's (1) treatment of a particular patient departed from the standard of practice and was repeatedly negligent, (2) failed to maintain adequate and accurate records, and (3) failed to report to the Medical Board his felony indictment.  *Id.* at 47-50.  The fact that the Medical Board imposed a three-year term of probation to monitor Defendant's medical practice is relevant to the history and characteristics of the Defendant and further supports the government and US Probation's recommendation of three years of federal probation in the instant case.

The Defense notes that as a result of the plea, Defendant is likely to lose his "medical license and livelihood, along with his ability to support his family and three young children." ECF 79 at 6:19-21. As the PSR notes, Defendant has significant assets and net worth, including real estate assets and positive cash flow. PSR, ¶¶ 52-54.

## II.   ARGUMENT

The government does not disagree that there will be serious consequences to Defendant as a result of his felony conviction. The government's recommendation of three years of probation takes into account those consequences, as well as the mitigation information presented in the Defense briefing, while also focusing on the seriousness of the offense and the need to deter Defendant and others of engaging in similar conduct. Doctors or other white collar-professionals should not receive more lenient treatment from the Court solely because of their professional pedigree. In fact, the Defendant's conduct is even more reprehensible when viewed in light of his profession because he used his position to serve his own greed and abused the trust of people in his community.

The Defense request for only one year of probation misses the mark. This is especially the case with respect to purported "unwarranted sentencing disparities." ECF 79 at 9-10.

Section 3553(a)(6) directs the Court to consider, amongst other factors in determining the sentence, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been <u>found guilty</u> of similar conduct." Defendant cites two groups of cases arising from the same investigation into healthcare kickbacks in the Bay Area to argue that a three year term of probation results in an unwarranted sentencing disparity—(1) individuals who received a deferred prosecution agreement (DPA), including seven physicians, and one individual who received a pre-trial diversion agreement and (2) three physicians who pled guilty to accepting a similar kickback as the one charged here, each of whom received at least three years of probation.

With respect to the DPA defendants, these are poor comparators given the ambit of 18 U.S.C. § 3553(a)(6), which only applies to avoiding unwarranted sentencing disparities amongst defendants "who have been found guilty" of similar conduct. Defendants who entered into a DPA were not found guilty; rather, they entered into an agreement of supervision with the U.S. Attorney's Office, typically

two years, were required to provide assistance and to cooperate with the government, were required to disgorge any kickbacks received, and importantly, were required to perform between 250-500 hours of community service and pay fines between $5000 and $20,000 (subject to ability to pay). The DPA agreements did not prevent or preclude state or other licensing authorities from independently pursuing actions against the defendants. *United States v. Lacson*, 177 F. App'x 751, 752 (9th Cir. 2006) (unpublished). In *Lacson*, the Ninth Circuit rejected the argument that the district court erred by not considering the many actors in the relevant securities fraud transactions who were not charged with a crime: "any consideration of the disparity in punishment between Lacson and other uncharged individuals does not properly fall under one of the factors listed in § 3553(a)" as section 3553(a)(6) "requires consideration of 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," but not uncharged individuals who may have committed the same crimes. *Id.* The court concluded that "[r]egardless of whether the district court may have been allowed to consider this evidence if desired, it did not violate § 3553(a) by refusing to do so." *Id.*; *see also United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) ("a sentencing disparity based on cooperation is not unreasonable.")

While it is unclear how defendants who were never convicted (and whose cases have been dismissed) are appropriate comparators for the purposes of 18 U.S.C. § 3553(a)(6)'s unwarranted sentencing disparity analysis, a closer look reveals the DPA defendants were subject to onerous requirements that further support the modest government recommendation of three years of probation in this case.

With respect to the three physicians who plead guilty—*United States v. Myint*, 3:20-cr-00408-CRB-1 (N.D. Cal.) (June 9, 2021) (Dkt. 53); *United States v. Posada*, 3:20-cr-00420-RS (N.D. Cal. (Nov. 30, 2021) (Dk.t 69); *United States v. Zheng*, 3:22-cr-00090-VC (N.D. Cal.) (Sept. 26, 2022) (Dkt. 62)—Judges Breyer, Seeborg, and Chaabria imposed three-years terms of probation in each of those cases. Like Defendant Bhandari, these physicians also had no criminal history and generally were respected members of the community, yet three years of probation was deemed a sentence sufficient but not greater than necessary to achieve the purposes of § 3553(a). And while Defendant notes that two of the physicians accepted more

kickbacks than Defendant Bhandari ($4000 for Myint and $4,400 for Zheng in contrast to $1,000 for Bhandari), the probationary term cannot be reduced to a formula where each year of probation equals some fraction of kickbacks received.

Three years of probation, the recommendation of the government and U.S. Probation, best balances the § 3553(a) factors, including taking into account Defendant's mitigating facts while also recognizing the seriousness of the conduct and the need to deter such conduct, both for Defendant and others.

DATED: January 18, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Christoffer Lee*
CHRISTOFFER LEE
Assistant United States Attorney